**Opinions of the United States Court of Appeals for the Third Circuit**



7-11-2005

# First Indemnity Amer v. Tiedeken

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4354

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"First Indemnity Amer v. Tiedeken" (2005). *2005 Decisions.* Paper 877.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/877

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 03-4354

_____

FIRST INDEMNITY OF AMERICA INSURANCE COMPANY

v.

HERBERT J. TIEDEKEN, JR.; SARAH ANN TIEDEKEN;
KEYSTONE STATE PAINTING COMPANY, INC.,
Appellants

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 99-cv-01887)
District Judge: Petrese B. Tucker

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 27, 2004

Before: ROTH, BARRY and GARTH, Circuit Judges

(Filed: July 11, 2005)

_____

OPINION

_____

**ROTH**, Circuit Judge:

Herbert J. Tiedeken, Jr., Ann Tiedeken, and Keystone State Painting Company,

Inc. (collectively "Tiedeken"), appeal those portions of an order of the District Court

holding (1) that Tiedeken is liable to First Indemnity of America Insurance Corporation ("FIA") for the attorneys' fees FIA incurred in defending a claim brought by Cornell and Company against FIA and (2) that the Settlement Agreement ("SA") between Tiedeken and FIA precludes Tiedeken from bringing its counterclaim. Tiedeken also asks us to reverse, or in the alternative vacate and remand, the attorneys' fee-award for the current litigation because the award was not properly apportioned. We will affirm the District Court's Order with regard to the attorneys' fee-award in the Cornell lawsuit and the dismissal of Tiedeken's counterclaim. We will also affirm the award of attorneys' fees incurred in the current litigation.

## I. Facts and Procedural Background

Tiedeken entered into an Indemnity Agreement ("IA") with FIA. Under the IA, FIA was to issue surety bonds to Tiedeken's businesses, including Muratone Company, Inc., for painting projects on which those businesses were subcontractors. This case involves two of those projects: the DePaul Project[1] and the Cornell Project.[2]

In the DePaul Project, FIA settled with several subcontractors that had sued FIA for labor and equipment for which Muratone failed to pay. Tiedeken entered a settlement agreement with FIA to resolve FIA's claim against Tiedeken for

---

[1] The DePaul Project involved painting work that Muratone was to perform under subcontract for Tony DePaul and Sons, Inc.

[2] The Cornell Project involved painting work that Muratone was to perform under subcontract for Cornell and Company.

indemnification of FIA's cost of settlement with the subcontractors. The SA called for Tiedeken to make installment payments to FIA totaling $100,000.

In the Cornell Project, FIA successfully defended a cause of action brought by Cornell for losses Cornell incurred when it terminated Muratone as a subcontractor. A Bankruptcy Court found that Cornell did not have the right to enforce the suretyship agreement against FIA because Cornell never accepted the surety bonds issued by FIA. See First Indem. of Am. Ins. Co. v. Tiedeken, No. 99-1887, slip op. at 12-13 (E.D. Pa. July 17, 2001) (citing Cornell & Co., Inc. v. First Indem. of Am. Ins. Co., No. 95-CV-5782 (E.D. Pa. July 11, 1996)). FIA then brought this suit against Tiedeken in District Court, claiming that Tiedeken must indemnify FIA for the costs of defending the Cornell lawsuit.[3] Tiedeken brought a counterclaim for wrongful failure to satisfy and release the mortgage on Tiedeken's Tennis Avenue property, in violation of 21 P.S. § 681 (2004).

The District Court found that Tiedeken must indemnify FIA for the cost of the Cornell lawsuit and that the SA precluded Tiedeken's counterclaim. The District Court also held that Tiedeken was liable to FIA for the attorneys' fees FIA incurred in this case. In a July 17, 2001, Order, the District Court required FIA to submit sworn affidavits that set forth the fees incurred in the current litigation. Tiedeken appealed.

---

[3] FIA also sued Tiedeken to recover (1) the legal fees it incurred in suing Tiedeken to enforce the SA; (2) the legal fees it incurred in monitoring Muratone's bankruptcy proceedings; and (3) the costs of the lawsuit FIA brought against DePaul to recover monies DePaul owed Muratone. As the parties have failed to raise any issues regarding these rulings of the District Court, we will not address them.

We dismissed Tiedeken's appeal because the July 17 Order was not a final one. On

October 10, 2003, the District Court held that Tiedeken was liable to FIA for attorneys'

fees in this case in the amount of $33,160.13.[4] Tiedeken again appealed.

## II. Jurisdiction and Standard of Review

The District Court had diversity jurisdiction over this case pursuant to 28 U.S.C. §

1332. The parties were completely diverse and the amount in controversy exceeded the

$75,000 requirement. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and

1294.

The attorneys' fee-award claim in the Cornell lawsuit involved the District

Court's construction of the IA.[5] We give plenary review to a trial court's construction of

a contract. See Ram Constr. Co., Inc. v. Am. States Ins. Co., 749 F.2d 1049, 1053 (3d

Cir. 1984). The District Court's determination that the SA precluded Tiedeken's

---

[4] The October 10, 2003, Order also states that Tiedeken is to pay FIA $7,693.58 for attorneys' fees and costs that FIA incurred in defending Tiedeken's untimely appeal of the July 17, 2001, Order,plus $7,253.01 in interest.

[5] Contract construction occurs when a court determines the legal effect that a contract has on an unforeseeable event. See Ram Constr. Co., Inc. v. Am. States Ins. Co., 749 F.2d 1049, 1053 (3d Cir. 1984). In this case, the District Court gave legal effect to the IA, holding that the fact that Cornell failed to accept the surety bonds issued by FIA did not effect the indemnity agreement between FIA and Tiedeken. The District Court held that Tiedeken was still responsible for reimbursing FIA for its legal costs in defending Cornell's lawsuit against it because that lawsuit stemmed from the fact that FIA issued surety bonds to Muratone. The issue was whether Tiedeken had an obligation to FIA if the obligee did not accept the bonds. Such a determination gave legal effect to the IA in an unforeseeable event.

-4-

counterclaim involved the interpretation of the SA.[6] We review a trial court's

interpretation of a contract for clear error. <u>See id.</u> The standard of review applied to a

district court's attorneys' fee-award is one of discretion. <u>See</u> <u>Pawlak v. Greenawalt</u>, 713

F.2d 972, 977 (3d Cir. 1983) (quoting <u>Lindy Bros. Bldrs., Inc. of Phila. v. Am. Radiat. &</u>

<u>Stand. Sanitary Corp.</u>, 540 F.2d 102, 115-16 (3d Cir. 1976) (<u>Lindy II</u>)).

## III. Discussion

### A. Attorneys' Fees in the Cornell Lawsuit

Tiedeken claims that the doctrine of collateral estoppel prevents FIA from

bringing a claim for attorneys' fees for the Cornell lawsuit because the Bankruptcy Court

that adjudicated the Cornell lawsuit held that a suretyship relationship never existed. <u>See</u>

<u>Cornell & Co., Inc. v. First Indem. of Am. Ins. Co. (In re Muratone Co., Inc.)</u>, Bankr.

No. 93-10439F, slip op. at 21 (Bankr. E.D. Pa. Aug. 9, 1995). The doctrine of collateral

estoppel requires, <u>inter alia</u>, that "the issue decided in the prior adjudication must be

identical with the one presented in the later action." <u>Witkowski v. Welch</u>, 173 F.3d 192,

---

[6] There is a distinction between contract interpretation and contract construction. <u>See</u> <u>Ram Constr.</u>, 749 F.2d at 1052-53. Contract interpretation occurs when a court gives meaning to the words of a contract. <u>See id.</u> at 1052. In this case, the District Court determined that the counterclaims that Tiedeken raised in the two civil actions which the SA resolved were the same counterclaim that Tiedeken raised in the present litigation. Further, the District Court interpreted the language of the SA to preclude such counterclaims because the SA expressly released "all claims and causes of action 'including . . . all claims asserted by the Tiedekens against FIA in Civil Action Nos. 93-2407 and 94-2620.'" <u>Tiedeken</u>, No. 99-1887, slip op. at 21. The District Court gave meaning to these terms of the SA.

199 (3d Cir. 1999). The Bankruptcy Court only addressed whether Cornell could enforce the suretyship agreement against *FIA*. See Tiedeken, No. 99-1887, slip op. at 12-13. The Bankruptcy Court was never presented with the issue of whether FIA could enforce the IA against *Muratone*. Therefore, the doctrine of judicial estoppel does not apply to FIA's claim against Muratone for attorneys' fees in the Cornell lawsuit.

In the alternative, Tiedeken claims it is not required to reimburse FIA because no suretyship agreement existed with respect to the Cornell Project. Tiedeken is wrong. Under Pennsylvania law, a surety contract between the principal and the surety is not dependent upon the acceptance of the surety bonds by the obligee. See Trident Corp. v. Reliance Ins. Co., 504 A.2d 285, 290 (Pa. 1986) ("[T]he surety contract is formed at the time the surety's offer is accepted by the principal, it may not be enforced by the obligee against the surety unless accepted by the intended obligee within a reasonable time."). While a surety relationship did not exist between FIA, Muratone and Cornell, see In re Muratone, Bankr. No. 93-10439F, slip op. at 21, FIA did issue surety bonds to Muratone, which Muratone accepted.[7] Upon Muratone's acceptance of the bonds, a surety contract was formed between Muratone and FIA. Under the IA, Muratone was required to indemnify FIA for any expenses incurred as a result of FIA issuing surety bonds to Muratone. Therefore, Tiedeken is liable for FIA's attorneys' fees in the Cornell lawsuit.

---

[7] Tiedeken acknowledged that FIA "unquestionably 'issued'" surety bonds to Muratone. See Tiedeken, No. 99-1887, slip op. at 21 (citing First Indem. of Am. Ins. Co. v. Tiedeken, No. 93-CV-2407 (E.D. Pa. 1993)).

**B. The Tiedeken's Counterclaim**

Based on Tiedeken's Answers in Civil Action Numbers 93-2407 and 94-2620, we conclude that the District Court's decision was not clearly erroneous with regard to the preclusion of Tiedeken's counterclaim. The SA expressly precluded Tiedeken from bringing any claim or cause of action that it brought previously in Civil Action Numbers 93-2407 and 94-2620. The District Court determined that Tiedeken could not bring its counterclaim in the current litigation because Tiedeken had brought the same counterclaim in the above stated civil actions. See Tiedeken, No. 99-1887, slip op. at 21-22. In its Answers to FIA's Complaints in Civil Action Numbers 93-2407 and 94-2620, Tiedeken asserted counterclaims against FIA, claiming that FIA failed to satisfy the mortgage on the Tennis Avenue property. The SA precludes Tiedeken from bringing claims raised in the prior civil actions. In those prior civil actions, Tiedeken raised claims for satisfaction of the Tennis Avenue mortgage. In the current litigation, Tiedeken raises a claim for satisfaction of the Tennis Avenue mortgage. Therefore, the District Court's conclusion that the SA precluded such claims was not clearly erroneous.[8]

---

[8] Even if the District Court had not determined that Tiedeken had previously brought its counterclaim in the prior civil actions, the SA would still preclude Tiedeken's counterclaim. Under Pennsylvania law, a mortgagee must satisfy and discharge a mortgage upon receiving full satisfaction and payment of all monies due on that mortgage. See 21 P.S. § 681. But statutory protections can be waived through contract. See Ramadan v. Chase Manhattan Corp., 229 F.3d 194, 203 (3d Cir. 2000). The SA clearly states that Tiedeken released any claim or cause of action arising in connection with the any surety bonds issued by FIA to Muratone. FIA held a mortgage in the Tennis Avenue property as collateral for Tiedeken's obligation to indemnify FIA. See Tiedeken,

Tiedeken also argues that it has no obligation to indemnify FIA because Cornell never accepted the surety bonds.[9] Without an obligation to FIA, Tiedeken argues that satisfaction and release of the mortgage is required. As previously indicated, Cornell's failure to accept the surety bonds does not void the surety contract between FIA and Muratone. Under the IA, Tiedeken must indemnify FIA for the attorneys' fees FIA incurred in the Cornell lawsuit. FIA held the Tennis Avenue mortgage as security for indemnification of these fees. Because Tiedeken has not indemnified FIA for FIA's attorneys' fees, FIA has not received full satisfaction and payment of all monies due on the mortgage.

## C. Apportionment of Attorneys' Fees

The correct criteria for determining an attorneys' fee-award are

> the number of hours spent on the litigation; the nature of the
> services involved; the value of the attorneys' time based on a
> reasonable hourly rate; the contingent nature of success in
> the litigation; and "the extent, if any, to which the quality of
> an attorney's work mandates increasing or decreasing the

---

No. 99-1887, slip op. at 20 ("FIA obtained a mortgage lien on the Tennis Avenue property as collateral for all bonds issued under the IA, including bonds for the Cornell and DePaul projects."). Tiedeken's counterclaim that FIA wrongfully failed to satisfy and release the Tennis Avenue mortgage is a claim that arose in connection with the bonds issued by FIA to Muratone. Therefore, under the terms of the SA, Tiedeken is precluded from bringing its counterclaim.

[9] Tiedeken relies on the Bankruptcy Court's finding that FIA had a security interest in the Tennis Avenue property in the event that FIA had to make "proper payments" in connection with the surety bonds, and was then entitled to indemnification from Tiedeken. Tiedeken argues that FIA could not make "proper payments" in connection with the surety bonds because Cornell never accepted the bonds.

> amount to which the court has found the attorney reasonably entitled."

Pawlak, 713 F.2d at 977 (quoting Lindy I, 487 F.2d at 168).  In this case, the District Court was presented with detailed information supporting FIA's request for attorneys' fees and the District Court was also very familiar with the lengthy and complex proceedings in this matter.  We conclude, therefore, that the award was not an abuse of discretion.

## IV.  Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.